UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

In re:

                                       Chapter 7

ALEX X RICHARDSON,

        Debtor.                         Bankruptcy No. 19-11127-ELF

* * * * * * *

**MOTION FOR RELIEF FROM AUTOMATIC STAY**
**PURSUANT TO 11 U.S.C. SECTION 362(d)(1)**

TD Auto Finance LLC, a secured creditor in the above-captioned bankruptcy case, by its counsel, SCHILLER, KNAPP, LEFKOWITZ & HERTZEL, LLP, as and for a Motion for Relief from Automatic Stay pursuant to 11 U.S.C. §362(d)(1), or, in the alternative, for adequate protection, states the following as grounds therefor:

1. On February 23, 2019, the debtor, above-named, filed a Voluntary Petition in Bankruptcy under Title 11, Chapter 7, U.S.C., in the United States Bankruptcy Court for the Eastern District of Pennsylvania.

2. The Court has jurisdiction to entertain this motion under 28 U.S.C. §157.

3. TD Auto Finance LLC (hereinafter "TDAF") is a secured creditor herein and the holder of a duly perfected purchase money security interest in one (1) 2014 Mitsubishi Lancer (V.I.N. JA32W5FV2EU017713) (hereinafter "collateral") owned by, and upon information and belief, in the possession and control of the debtor, above-named. Pursuant to 11 U.S.C. §362, upon the commencement of the instant bankruptcy case, TDAF is stayed from taking any action against the debtor to obtain possession of and sell the collateral.

4. On October 16, 2017, the debtor, Alex X Richardson, entered into a Retail Installment Contract (hereinafter "Contract") with Bill Vince's Bridgewater Acura (hereinafter "dealer") for the

purchase of the collateral and loan of monies in the amount of $39,643.75 to be paid with 8.10% interest

thereon over a seventy-five (75) month term.  Pursuant to the terms and conditions of the Contract, the

dealer was granted a purchase money security interest in the collateral to secure the loan.  Thereafter, the

Contract, pursuant to its terms, was duly assigned by the dealer to TDAF for good and valuable

consideration.  TDAF is now the holder and owner of said Contract.  A copy of the Contract and

evidence of the recorded lien are collectively annexed hereto and referred to as Exhibit "A" and made a

part hereof.

5.    Upon information and belief, the debtor intends to surrender the collateral.

6.    As of March 6, 2019, the debtor was in default of his payment obligations to TDAF

pursuant to the terms and conditions of the Contract as follows:

a.  Net balance due:                              $34,507.49

b.  The contractual monthly payment is $677.47.

c.  Pre-petition contractual arrears:  partial payment of $662.71 for December, 2018 and
monthly payment of $677.47 for January, 2019, together with $67.26 in late charges.

d.  Post-petition contractual arrears:  monthly payment of $677.47 for February, 2019,
together with applicable late charges.

e.  Total pre-petition arrears:           $1,407.44
Total post-petition arrears:        $   677.47

7.    TDAF requests an award of reasonable costs and attorney's fees pursuant to the terms of

the underlying Contract as may be allowed by the Court.

8.    TDAF has ascertained that the wholesale value of its security is FOUR THOUSAND

EIGHT HUNDRED DOLLARS AND NO CENTS ($4,800.00) based on NADA Used Car Guide's

estimated value of the collateral in average condition.  The relevant NADA Guide page is annexed

hereto and referred to as Exhibit "B" and made a part hereof.

9.      According to the Debtor's Statement of Intention, the Debtor intends to surrender the collateral.  A copy of the Statement of Intention is annexed hereto and made a part hereof as Exhibit "C".

10.      The debtor has failed to redeem the collateral pursuant to 11 U.S.C. §522 and has not reaffirmed his underlying obligation to TDAF pursuant to 11 U.S.C. §524.

11.      11 U.S.C. §362(d) provides for circumstances under which the Court may terminate, annul, modify, or condition the automatic stay.  Specifically,  11 U.S.C. §362(d)(1) and (2), provide:

> "(d)  On request of a party in interest and after a notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
>
> (1)      for cause, including the lack of adequate protection of an interest in property of such party in interest; or
>
> (2)      with respect to a stay of an act against property under subsection (a) of this section, if –
>
> (A)      the debtor does not have an equity in such property; and
>
> (B)      such property is not necessary to an effective reorganization."

12.      Debtor's failure to make payments is a default under the Contract constituting cause for termination of the stay to allow the creditor to protect its interests in the property, which is depreciating.

13.      It is respectfully asserted that TDAF's interest in the collateral will not be adequately protected if the automatic stay is allowed to remain in effect.

14.      Sufficient cause exists to grant TDAF relief from the automatic stay which includes the following:

a.  The debtor is in default under the terms and conditions of the Contract.

b.  The security interest of TDAF with respect to the collateral is not adequately protected as envisioned under 11 U.S.C. §361.

c.  The collateral is not necessary for an effective reorganization of a bankruptcy estate.

15.  In the event relief from stay is granted, then TDAF shall provide surplus monies to the trustee or debtor in possession.

16.  Alternatively, in the event relief from automatic stay is not granted, then TDAF respectfully requests that the Court compel the debtor to provide adequate protection to TDAF by (a) curing any default of payment obligations arising pursuant to the terms and conditions of the Contract; (b) awarding reasonable costs and attorneys' fees pursuant to the terms of the Contract; (c) continuing to make payment in timely fashion thereunder; (d) maintaining adequate and continuous insurance coverage on the collateral; and (e) providing such other adequate protection as the Court may deem proper.

17.  In the event this request for adequate protection is granted, then TDAF respectfully requests that it be entitled to the immediate possession of the collateral without further Court proceedings in the event of default by the debtor under any provisions for adequate protection which may be awarded herein.

18.  No prior application for the relief requested herein has been made.

WHEREFORE, TD Auto Finance LLC respectfully requests that pursuant to 11 U.S.C. §362 the Court issue an Order granting TDAF relief from automatic stay in order to obtain possession and dispose of its collateral and allowing that surplus monies be directed to the trustee or debtor in possession, or, in the alternative, (b) directing the debtor to provide for the adequate protection of the security interest of

TDAF as hereinabove requested, and for such other and further relief as to the Court may seem just and

proper.

DATED:          March 6, 2019                    TD AUTO FINANCE LLC

                                                By Its Counsel

                                                /s/ Martin A. Mooney
                                                Martin A. Mooney, Esq. ID #315063
                                                SCHILLER, KNAPP,
                                                LEFKOWITZ & HERTZEL, LLP
                                                950 New Loudon Road, Suite 109
                                                Latham, New York 12110
                                                Tel (518) 786-9069
                                                E-Mail: MMooney@schillerknapp.com